IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Timothy Gadson, | )<br>) |
| Petitioner, | ) Case No.: 4:01-cr-00817-CWH-1<br>)<br>) |
| vs. | ) **ORDER**<br>) |
| United States of America, | )<br>) |
| Respondent. | )<br>) |

This matter is before the Court on the motions of Timothy Gadson (the "defendant"). The first motion is to vacate the defendant's sentence pursuant to 28 U.S.C. § 2255 and in the alternative §§ 2241 and 1651 ("Motion to Vacate") (ECF No. 76). The defendant's second motion is to dismiss the Motion to Vacate ("Motion to Dismiss") (ECF No. 85). For the reasons set forth in this Order, the defendant's motions are denied.

## I. BACKGROUND

In 2005, the defendant filed a Section 2255 petition, which the Court dismissed on the merits. Gadson v. United States, No. 4:05-cv-00957-CWH. The Court's Order was affirmed on appeal. United States v. Gadson, 187 F. App'x 262, 263 (4th Cir. 2006) (per curiam). The United States Supreme Court denied the defendant's petition for a writ of certiorari. Gadson v. United States, 549 U.S. 1007 (2006).

On March 2, 2016, the defendant, proceeding pro se, filed the Motion to Vacate pursuant to 28 U.S.C. § 2255—and in the alternative, §§ 2241 and 1651—seeking to have the Court resentence him under Johnson v. United States, 135 S. Ct. 2551 (2015)[1] (Mot. to Vacate 1, ECF

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



Page 1 of 4

No. 76). On March 7, 2016, the Court appointed the Federal Public Defender's Office to represent the defendant and review the defendant's case. (See Order, Mar. 7, 2016, ECF No. 78). The Federal Public Defender, on behalf of the defendant, filed the Motion to Dismiss the pending Motion to Vacate without prejudice in order for the defendant to seek permission from the Fourth Circuit to file a successive Section 2255 petition. (Mot. to Dismiss 2, ECF No. 85).

Shortly after the Federal Public Defender filed the Motion to Dismiss, the defendant wrote a letter to the Clerk of Court, asking that the Motion to Vacate not be dismissed because he was certain that he was "entitled to relief under 2255(f)(4), and did not need permission to file a Second and Successive 2255 . . . ." (Resp. in Opp'n 1, ECF No. 86). In the alternative, the defendant stated, "if the court believes that I need to seek Authorization to gain jurisdiction–then could the court hold my petition in 'Abeyance' until I seek such permission from the Appellate Court instead of dismissing the petition." (Id.). Nevertheless, the defendant filed a motion for authorization to file a second or successive Section 2255 motion with the Fourth Circuit. (See Order, May 3, 2016, ECF No. 89).

On May 3, 2016, the Fourth Circuit issued an order denying the defendant's motion for authorization to file a second or successive Section 2255 motion because "the new rule of constitutional law announced in Johnson and held to apply retroactively to cases on collateral review by Welch v. United States, __ S. Ct. __, No. 15-6418, 2016 WL 1551144 (U.S. Apr. 18, 2016), entitles [the defendant] to no relief." (Id. 1).

## II. DISCUSSION

The defendant brings his Motion to Vacate under Sections 2255, 2241, and 1651, asking the Court to resentence him under Johnson, which he contends renders his current sentence "illegal because his sentence exceeds the statutory maximum . . . ." (Mot. to Vacate 1).

A motion to vacate under Section 2255 is the required mechanism to bring a collateral attack challenging the validity of a sentence imposed by a federal court. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc) (citations omitted). The defendant's Johnson-based claims seek to attack the underlying validity of his sentence, not the manner of its execution; therefore, Sections 2241 and 1651 are inapposite to the Motion to Vacate. See id. at 1194 n.5 ("[A]ttacks on the execution of a sentence are properly raised in a § 2241 petition."). The defendant filed his Motion to Vacate pro se, captioning it as "Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, and in [t]he alternative §2241, and §1651 . . . ." However, the subject matter of a motion, not the caption assigned to it by a pro se litigant, determines its classification by the Court. United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citation omitted). The subject matter of the Motion to Vacate indicates that the defendant seeks to challenge the validity of his sentence; accordingly, Section 2255 is the only relevant statute as to his motion.

As stated above, the defendant has already filed one Section 2255 petition, which was adjudicated on the merits. His current Motion to Vacate seeks to challenge the same convictions and sentence that already have been adjudicated; accordingly, it is successive. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000) (to qualify as a successive petition, the prior petition must have been adjudicated on the merits).

A second or successive motion must be certified as provided in 28 U.S.C. § 2244. 28 U.S.C. § 2255(h). Section 2244, in pertinent part, states that before a successive application may be filed in the district court, the applicant must file a motion with the Fourth Circuit "for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive motion. Winestock, 340 F.3d at 205.



Because the Fourth Circuit has denied such authorization to the defendant, the Court lacks jurisdiction to consider the defendant's successive Motion to Vacate. Furthermore, because the Fourth Circuit denied the defendant's motion for authorization, the defendant's Motion to Dismiss to "seek permission to file a successive §2255 from the Court of Appeals" is rendered moot. (Mot. to Dismiss 2).

### III. CONCLUSION

For the foregoing reasons, the defendant's Motion to Vacate (ECF No. 76) is dismissed without prejudice for lack of jurisdiction. The defendant's Motion to Dismiss (ECF No. 85) is dismissed as moot.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

June 8, 2016
Charleston, South Carolina

